USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 5/15/08

# KLEIN ZELMAN ROTHERMEL LLP

ATTORNEYS AT LAW
485 MADISON AVENUE
NEW YORK, NEW YORK 10022-5803
TEL (212) 935-6020
FAX (212) 753-8101

**MEMO ENDORSED**

May 14, 2008

Via Facsimile 212-805-6724

Hon. Frank Maas
United States District Court
Southern District of New York
500 Pearl Street, Room 740
New York, New York 10007

Re:  Butler v. New York Health and Racquet Club and Maryann Donner
     Index No. 1:08-cv-00591-PAC-FM

Dear Judge Maas:

> *[Handwritten memo endorsement:]* Assuming that Mr. Ming was not authorized to accept service, these calculations appear to be correct. In any event, since the case would not move forward until both defendants answered or moved, Ms. Butler is not prejudiced by deeming May 21 to be the proper date.
> — FMaas, USMJ  5/15/08

This firm is counsel to Defendants New York Health and Racquet Club and Maryann Donner in the above referenced matter. Recently, Ms. Butler, the pro se Plaintiff, filed three affidavits of service, causing confusion as to when Defendants' answer is due. The Court's deputy suggested that we set forth our position in a letter to you.

Service on the corporate Defendant was attempted on two separate occasions. On or about April 24, 2008, a copy of the summons and complaint were dropped on a desk at the company's headquarters[1]; on May 1, the summons and complaint were served on Mr. Rosenhech, Chief Financial Officer. Both of these attempts are reflected in the docket sheet and as a result, the docket indicates that the corporate Defendant's answer is due both on May 21 (entry 3) and May 14 (entry 4). Only the second attempted service was proper; the corporate Defendant's answer is therefore due May 21.

Regarding the individual Defendant, Plaintiff left the summons and complaint with a customer service representative on or about April 24 and subsequently mailed the same to Ms. Donner on or about May 9. An affidavit of service was filed, according to the docket, on May 12. Pursuant to CPLR §308, service is complete ten days after filing of the affidavit of service or May 22. The answer for the individual Defendant therefore is due on June 11, not May 14, as reflected in the docket.

---

[1] The docket sheet states that service was accepted by Mr. Ming. Although we disagree, it is irrelevant as Mr. Ming is not qualified to accept service on the company's behalf.

{00093413;2}

KLEIN ZELMAN ROTHERMEL LLP

Hon. Frank Maas
United States District Court
May 14, 2008
Page 2

    Given the confusion, both Defendants intend to file an answer on or before May 21. The Defendants believe that this is the earliest date on which the Defendant's answer is due.

We thank the Court for its attention to this matter.

    Respectfully submitted,

    Jane Jacobs

By Regular and
Electronic Mail (soniasoniab@aol.com)
cc: **Sonia Butler**
**13 Lake Place**
**New Haven, CT 06511**